**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**BRIAN LERON HAMILTON, #295653,**

       **Petitioner,**

v.                                      Case No. 2:04-CV-72942
                                        Honorable Bernard A. Friedman
                                        Magistrate Judge R. Steven Whalen

**KURT JONES,**

       **Respondent.**

_____

**OPINION & ORDER DENYING REQUEST FOR A CERTIFICATE
OF APPEALABILITY AND GRANTING APPLICATION
TO PROCEED _IN FORMA PAUPERIS_**

**I. Introduction**

On September 19, 2007, the Court filed an Opinion and Order and entered a Judgment Denying Petition for Writ of Habeas Corpus. Petitioner subsequently filed a Notice of Appeal and a Motion for Certificate of Appealability on October 1, 2007. Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a §2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).

**II. Statement of Substantive Facts**

Petitioner's conviction arises out of an arson fire in an apartment building in the City of Detroit. As a result of the fire, one person died and several others were injured. It is undisputed that Jeremy Mosley set the fire following a fight with one of the tenants. However, Mr. Mosley implicated Petitioner. Subsequently, Petitioner was questioned by the police on two occasions at which time Petitioner provided statements. The first time, Petitioner voluntarily came into the

police station for questioning; and he was not under arrest. Sergeant Arlie Lovier asked Petitioner questions and Officer Mitchell wrote down the answers. Petitioner signed and dated each page of the statement and was subsequently driven home by police.

Subsequent to his ultimate arrest, Petitioner was interrogated again by Sergeant Lovier alone. During this interrogation Petitioner was read his *Miranda*[1] rights, was given a waiver of *Miranda* rights form where he indicated that he could read and write, and he signed and dated the form. Petitioner then proceeded to answer questions posed by Sergeant Lovier which were transcribed by Sergeant Lovier in writing. Petitioner was given the statement to sign and date.

The crux of Petitioner's statement was three-fold: (1) that he provided Mr. Mosley access to a gas can; (2) that Petitioner acted as a "look-out" for Mr. Mosley while Mr. Mosley set the fire; and (3) Petitioner was aware that people could be injured as a result of this fire being set. Petitioner's statement was admitted at trial despite counsel's efforts to keep the statement away from the jury by filing a suppression motion.

Petitioner was sentenced to concurrent terms of life imprisonment for the first-degree murder conviction, thirty to fifty years imprisonment for the first count of attempted murder and twenty to thirty years for the remaining three counts of attempted murder, and thirteen years four months to twenty years on the arson conviction. After Petitioner's exhaustion of appellate rights through the state courts and the denial by this Court of Petitioner's request for habeas relief, Petitioner has filed a request for a ruling on his Motion for Certificate of Appealability.

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966)

## III. Standard of Review for Issuance of Certificate of Appealability

In order to obtain a certificate of appealability relative to claims that are not procedurally defaulted, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial in cases where the issues are not procedurally defaulted, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition for habeas relief should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). In instances where the issues are procedurally defaulted, a certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. The Court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. at 484.

Upon review of the pleadings and the record in this mater, the Court finds that Petitioner has failed to show that the issues raised by Petitioner in support of his request for habeas relief are certifiable for appeal. Therefore, Petitioner's certificate of appealability request is denied.

**IV. Law & Analysis**

    **A. Ineffective Assistance of Counsel**

Petitioner asks for a certificate of appealability on the merits of his ineffective assistance of counsel claim. In order to successfully prove a claim for ineffective assistance of counsel, Petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689. It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* Petitioner maintains that his trial attorney failed to investigate and present evidence of Petitioner's alleged language disability. He also asserts that defense counsel failed to invoke a proper trial strategy by neglecting to present expert witness testimony showing that Petitioner was mentally incapable of making and/or adopting incriminating statements. Petitioner's claims are fueled by the fact that he was able to find a potential expert witness, post-conviction, who could attest to his lacking mental capacity and learning ability to make and/or adopt incriminating statements.

In its September 19, 2007 Order, the Court rejected Petitioner's ineffective assistance of counsel claim because the record established that trial counsel did investigate and present evidence of Petitioner's alleged language disability by: (1) putting Petitioner's sister on the witness stand to testify about her knowledge of Petitioner's education, his learning disability and his special education classes; (2) obtaining Petitioner's educational records from his school in Oklahoma; (3) having Petitioner examined by a forensic psychologist for the purpose of assessing his learning and comprehension skills; and (4) having Petitioner examined by an independent forensic psychologist

for the same purpose. Additionally, Petitioner failed to demonstrate that changing defense counsel's trial strategy would have resulted in Petitioner being absolved of the pending charges in light of the testimony of the law enforcement officials, the circumstantial eyewitness testimony and the less than air tight alibi defense. Finally, Petitioner failed to show that having a low range level of intelligence equates with being unable to understand one's *Miranda* rights and the interrogation process. Reasonable jurists would agree that based upon these facts, Petitioner has not made a substantial showing of the denial of his Sixth Amendment right to counsel, nor that the Court's denial of Petitioner's ineffective assistance of counsel claim should have been resolved any differently.

### B. Application to Proceed *In Forma Pauperis*

Although this Court has denied a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* is lower than the standard for certificates of appealability. See *Foster v. Ludwick,* 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). Whereas, a certificate of appealability may only be granted if Petitioner made a substantial showing of the denial of a constitutional right. A court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 38 U.S.C. §1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster v. Ludwick,* 208 F.Supp.2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's substantive claim, the issue is not frivolous. Therefore, the Court finds that Petitioner has taken this appeal in good faith; and he may proceed *in forma pauperis* on appeal.

## V. Conclusion

For the reasons set forth above, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right relative to the issue presented; and therefore the issue is not certifiable for appeal. Additionally, Petitioner's request to proceed *in forma pauperis* is granted because the Court finds that this appeal has been taken in good faith.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Certificate of Appealability **[Docket No: 25-1, filed October 1, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's Notice of Appeal **[Docket No: 23-1, filed October 1, 2007]** is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's Motion to Proceed on *Appeal In Forma Pauperis* **[Docket No: 24-1, filed October 1, 2007]** is **GRANTED.**

\_\_\_\_s/Bernard A. Friedman_____
BERNARD A FRIEDMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman